UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

WILLIAM CLARENCE LUCABAUGH, JR.,   :          Case No. 04-23456T
    *Debtor(s)*
                                                          :

                                                          :

## **ORDER**

AND NOW, this 23rd day of June, 2005, it is ORDERED that Debtor's motion for reconsideration of our March 31, 2005 Order dismissing this chapter 13 case with prejudice is DENIED as the court finds that Debtor failed to meet his burden of proving that reconsideration of this court's March 31, 2005 Order is necessary due to an intervening change in controlling law, the availability of new evidence not previously available or to correct a clear error of law or to prevent manifest injustice, see North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3rd Cir. 1995).[1]

---

1. To explain, our March 31, 2005 Order dismissed Debtor's chapter 13 case (Case No. 04-23456T) with prejudice finding that Debtor filed this chapter 13 case in bad faith. As we stated in our March 31, 2005 Order, it is well established that the filing of a chapter 13 petition in bad faith constitutes grounds for dismissal under 11 U.S.C. §1307(c). In re Lilley, 91 F.3d 491, 496 (3rd Cir. 1996); Lucabaugh v. Internal Revenue Service (In re Lucabaugh), No. 01-2254, 2001 WL 997416 *3 (E.D. Pa. June 26, 2001); In re Narod, 138 B.R. 478, 482 (E.D. Pa. 1992); In re Dami, 172 B.R. 610-11 (Bankr. E.D. Pa. 1988). We further explained that the existence of a bad faith is determined by reviewing the "totality of the circumstances." Examples of bad faith include filing a petition without intending to perform the statutory requirements of the Bankruptcy Code, conduct by the debtor either before or during a case which constitutes an abuse of the provisions, purposes or spirit of the Bankruptcy Code and instances where the debtor lacks a sincere desire to pay back his debts or where the debtor has no hope of a successful reorganization. Lucabaugh, 2001 WL 997416 at *3; In re Spear, 203 B.R. 349, 353 (Bankr. D. Mass. 1996); Narod, 138 B.R. at 482. In addition, a debtor's history of serial bankruptcy filings and dismissals may constitute evidence of bad faith. Lucabaugh, 2001 WL 997416 at *3; Dami, 172 B.R. at 10.

    As we noted in our March 31, 2005 Order, the following facts support our conclusion that Debtor

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

filed this chapter 13 petition in bad faith warranting dismissal of this case with prejudice. This was the sixth chapter 13 case filed by Debtor and all of Debtor's prior cases were dismissed. In fact, the last two chapter 13 cases filed by Debtor were dismissed with prejudice and the following deficiencies that existed in Debtor's prior two cases also existed in the present case: Debtor's failure to file a confirmable chapter 13 plan that adequately provided for the claim of the Internal Revenue Service, Debtor's failure to file tax returns for the years 1997 through the present and Debtor's failure to maintain insurance on property of the estate. Based upon these facts, we concluded that the totality of the circumstances demonstrated that Debtor filed this chapter 13 petition in bad faith, without an honest intent to reorganize and propose and consummate a confirmable chapter 13 plan.

Turning to Debtor's motion for reconsideration, we note that Debtor fails to adequately address the deficiencies noted above. In addition, Debtor failed to meet his burden of proving that reconsideration is necessary due to an intervening change in controlling law, the availability of new evidence not previously available or to correct a clear error of law or to prevent manifest injustice, see North River, 52 F.3d at 1218. Accordingly, we deny Debtor's motion for reconsideration.